## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                   **CRIMINAL NO. 2:15-CR-1-KS-MTP**

**JOSEPH TURNER**

### ORDER

On June 22, 2015, Defendant Joseph Isaac Turner pleaded guilty to possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On September 21, 2015, the Court sentenced Defendant to 199 months of imprisonment followed by 10 years of supervised release. He is not due to be released from prison until September 2028, having served approximately half of his sentence. On February 22, 2022, Defendant filed a Motion for Compassionate Release [122], pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that there are extraordinary and compelling reasons to release him from prison.

Section 3582 permits the Court to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A). Among other things, Section 3553(a) provides that the Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court must also consider "the need for the sentence" to "reflect the seriousness of the offense;" "to promote respect for the law;"

"to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

"Although not dispositive, the commentary to the United States Sentencing Guidelines . . . informs" the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).[1] The Guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3)

---

[1] *But see United States v. Shkambi*, --- F.3d ---, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021) (holding that neither the sentencing commission's policy statement nor its commentary are binding on the district court's disposition of an inmate's own motion under § 3582).

family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)). "[T]he comments describe the circumstances in which a "medical condition" might be sufficiently serious to warrant release. That is limited to two circumstances: where the defendant has either a terminal illness or a condition 'that substantially diminishes the ability of the defendant to provide self care . . . .'" *Id.* (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).[2]

First, Defendant argues that the COVID-19 pandemic constitutes an extraordinary and compelling reason to reduce his sentence. He is currently incarcerated at Phoenix FCI, and he claims that over 20% of the inmate population there has tested positive for COVID-19 in the past month, himself included. He also notes that, as of March 14, 2022, his facility had had at least 467 cases of COVID-19 among inmates, and two deaths. Defendant generally argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility. He also cites his need to care for his children, who are currently being cared for by his aging parents.

In response, the Government notes that BOP has fully vaccinated 168 staff and 1,206 inmates at Phoenix FCI, where Defendant is currently incarcerated. The Government also observes that Defendant does not present any medical conditions which place him at an enhanced risk if he contracts COVID-19, or any chronic ailment. In fact, Defendant asserted in briefing that he had *already* contracted

---

[2] The Fifth Circuit has declined to weigh in as to whether the catch-all "other reasons" provision "delegates only to the Bureau of Prisons." *Id.* at 433 n. 4.

COVID-19. Moreover, he is fully vaccinated, having received his first dose of the Moderna vaccine on April 6, 2021, the second dose on May 4, 2021, and a booster on December 22, 2021.

There is no consensus within the federal courts as to the precise definition of an "extraordinary and compelling reason" as contemplated by § 3582(c)(1)(A).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. Even where they have denied release, some courts have assumed that the pandemic, combined with underlying conditions, might be an extraordinary and compelling reason for compassionate release. But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.

*Thompson*, 984 F.3d at 434 (citations omitted). For example, this Court has repeatedly held that the risk posed by the COVID-19 pandemic, even if exacerbated by preexisting medical conditions, does not by itself constitute an "extraordinary and compelling" reason to reduce a sentence. *See, e.g. United States v. McAfee*, 2012 WL 1341865 (S.D. Miss. Apr. 9, 2021). Other courts in this Circuit have held the same. *See United States v. Griffin*, 2021 WL 1267794, at *2 (E.D. La. Apr. 6, 2021); *United States v. Alvarez*, 2021 WL 1270494, at *3-*4 (S.D. Tex. Apr. 6, 2021); *United States v. Gardner*, 2021 WL 1110298, at *3 (S.D. Miss. Mar. 23, 2021); *United States v. Richard*, 2021 WL 107207, at *2 (S.D. Miss. Jan. 12, 2021); *United States v. Jensen*, 2020 WL 6504670, at *3 (N.D. Tex. Nov. 5, 2020); *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Gildner*, 2020 WL 4033003, at *1 (E.D. Tex. July 14, 2020).

In short, a defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4; *see also Thompson*, 984 F.3d at 435. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020). Accordingly, the Court finds that the COVID-19 pandemic does not, by itself, constitute an extraordinary and compelling reason to reduce Defendant's sentence.

The Court also finds that a reduction in sentence would not reflect the serious nature of Defendant's crime, provide a just punishment, or deter similar conduct in the future. *See* 18 U.S.C. § 3553(a)(2). Defendant is responsible for trafficking 596.0 grams of ice methamphetamine. Moreover, he created a risk of bodily harm to another person when he attempted to evade arrest. When officers attempted to arrest him, he led them on a high-speed vehicular chase, nearly striking other vehicles and officers. He eventually crashed his vehicle and tried to run on foot. Even when officers caught up to him, he resisted arrest.

The Court also finds that a reduction in sentence would not sufficiently protect the public from further criminal conduct by Defendant, given his attempt to evade arrest. Moreover, he has two other drug-related convictions, as well as convictions for robbery and petty theft. The Court cannot find, in these circumstances, that

Defendant would not be a danger to any other person or the community if released.

Finally, the situation with Defendant's children does not constitute an extraordinary or compelling reason to release him from prison. "The family circumstances that qualify as grounds for compassionate release are limited to: (1) the 'death or incapacitation of the caregiver of the defendant's minor child or minor children' and (2) the 'incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver.'" *United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(C)). Defendant has not alleged that his parents are deceased, incapacitated, or otherwise unable to care for his children. He merely alleged that they were in their 70's.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). The Courts that have granted compassionate release because of the pandemic "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe health concerns." *Thompson*, 984 F.3d at 434-35. "Fear of COVID doesn't automatically entitle a prisoner to release." *Id.*; *see also Koons*, 2020 WL 1940570 at *5. The BOP's response to the pandemic – outlined in detail in the Government's brief – is sufficient given the circumstances and logistical issues presented by a prison environment. For

all these reasons, the Court **denies** Defendant's Motion for Compassionate Release [122].

SO ORDERED AND ADJUDGED this 8th day of April, 2022.

___/s/_____Keith Starrett_____

KEITH STARRETT

UNITED STATES DISTRICT JUDGE
